UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SAM HADAWAY,

        Plaintiff,

v.

        Case No. 19-cv-1106-pp

CITY OF MILWAUKEE, CARL BUSCHMANN,
DETECTIVE JAMES DEVALKENAERE,
ROBERT SIMON and UNKNOWN EMPLOYEES
OF THE CITY OF MILWAUKEE,

        Defendants.

---

**ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO CONDUCT DEPOSITION OF CHAUNTE OTT OUTSIDE CLOSE OF FACT DISCOVERY (DKT. NO. 67)**

---

The plaintiff filed this case on October 28, 2019, alleging he was wrongfully convicted of attempted robbery after various defendants coerced a fabricated confession and withheld exculpatory evidence. Dkt. No. 1. After setting a discovery deadline of November 20, 2020, dkt. no. 15, the court approved a stipulation extending the deadline to July 2, 2021, dkt. no. 26. The court then agreed to stay the proceedings until August 31, 2021, based on the defendants' staffing issues, but cautioned that it would be reluctant to grant further stays on that basis, Dkt. No. 33. The court granted two additional extensions of the discovery deadline (making all fact discovery due on September 12, 2022). Dkt. No. 60, 63. On the deadline for completing fact discovery, the parties filed a status report explaining they had completed all

1

but three depositions of witnesses who had been timely served and scheduled (but whose personal schedules did not allow for the deposition before the deadline). Dkt. No. 66. The parties agreed to reschedule the depositions of Michael Sykes, Tyrone Edwards and Antoinette Rozelle for September 14 and 16, 2022. Id. at 2. In a footnote, the plaintiff indicated that the defendants wanted to depose an additional witness, Chaunte Ott, but that the plaintiffs would oppose the motion because the defendants had had ample time to conduct the deposition. Dkt. No. 55 at 2, n. 1.

The defendants filed their motion for leave to conduct the deposition of Ott the next day—after the deadline for conducting discovery had expired. Dkt. No. 67. Although the plaintiff opposes the motion to conduct the deposition of Ott, the plaintiff has twice agreed to extend the time for the defendants to depose the plaintiff's experts and disclose their own experts. Dkt. Nos. 70, 74. The court turns to the defendants' motion to conduct Ott's deposition.

**I.     Defendants' Motion to Conduct Deposition (Dkt. No. 67)**

    A.     Legal Standard

"A schedule may be modified only for good cause and with the judge's consent." Federal Rule of Civil Procedure 16(b)(4). "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." Alioto v. Town of Lisbon, 651 F.3d 715, 720 (7th Cir. 2011).

2

B. <u>Defendants' Arguments in Support of Motion</u> (Dkt. No. 67)

The defendants moved to depose Ott after the discovery deadline expired. They explain that the plaintiff pled guilty to assisting Ott in the 1995 attempted robbery of Jessica Payne in which Payne died. Dkt. No. 67 at ¶1. The plaintiff testified against Ott leading to Ott's conviction; however, Ott successfully overturned his conviction. <u>Id.</u> The plaintiff successfully overturned his own conviction, and now argues in this case that the officers coerced him into the testimony that implicated himself and Ott. <u>Id.</u> at ¶2.

Ott sat for a deposition in 2011—in his own civil case against the City— but offered very little testimony regarding the plaintiff. <u>Id.</u> at ¶3. Although Ott testified that the officers manipulated the plaintiff, the defendants say that Ott never explained the basis for that testimony or his opinion. <u>Id.</u> at ¶4. Ott further testified that he read a report that states the plaintiff was physically coerced but, again, the defendants say Ott failed to explain who drafted or provided him with that report. <u>Id.</u> at ¶5. Finally, the defendants assert that the Wisconsin Innocence Project produced 2,000 pages of correspondence, handwritten letters and transcripts from/regarding Ott on July 20, 2022. <u>Id.</u> at ¶6. The defendants say that they found handwritten letters from Ott buried within documents discussing "plaintiff's testimony as well as Ott's understanding of plaintiff's potential bias, motive and interest in testifying against Ott." <u>Id.</u> at ¶6. Because the plaintiff had not filed his case at the time Ott was previously deposed, the defendants argue they could not have anticipated the plaintiff's assertions in this case. <u>Id.</u> at ¶7.

The defendants want to depose Ott on specific issues regarding his relationship with the plaintiff, his correspondence about the plaintiff with third parties and his conversations with the plaintiff about the Payne murder and subsequent police investigation. Id. at ¶10. The defendants state that the parties have worked diligently on discovery and that the deposition "will not impact other witnesses or the progression of expert discovery in this case." Id. at ¶12. The defendants explain that the case involves complex evidence, questions of mental capacity and that discovery otherwise remains ongoing. Id.

  C. <u>Plaintiff's Opposition to Motion</u> (Dkt. No. 68)

The plaintiff opposes the defendants' motion on two grounds: (1) the request is untimely; and (2) the defendants lack a good faith basis to assert that the need to depose Ott is new or unexpected. Dkt. No. 68 at 1, 2. First, the defendants filed a motion for an extension of time to conduct discovery on July 5, 2022 and represented to the court that they were going to depose Ott. Id. at 2 (citing dkt. no. 62 at ¶9). The court granted the motion the next day. Id. at 2. The defendants noticed the deposition of the plaintiff and his sister, as well as six additional witnesses. Id. at 3. Yet they never issued a notice of deposition for Ott. The plaintiff represents that the defendants frequently communicated with the plaintiff over the summer but never mentioned Ott until fact discovery was closing. Id.

Second, the plaintiff argues that the defendants have known about Ott for years. Ott's case against City of Milwaukee defendants DeValkenaere, Bushman and others settled in 2015 for $6.5 million dollars. Id. at 2. Both the

4

plaintiff and Ott were deposed in that case; those depositions were disclosed in the plaintiff's initial disclosures in this case. Id. The plaintiff represents that the letters from Ott were disclosed to counsel in June—well in advance of the discovery deadline. Id. at 5. The plaitniffs argue that this "is yet another manufactured basis for seeking to depose a witness that Defendants have clearly known about for the entire proceeding." Id.

    D.    <u>Defendants' Reply</u>

The defendants did not file a reply brief in support of the motion.

    E.    <u>Analysis</u>

The defendants have failed to show good cause for failing to conduct Ott's deposition before the close of discovery. The defendants have known about Ott for years. The Milwaukee City Attorney's Office represented four of the same defendants in Ott's wrongful conviction case filed on September 10, 2009 and settled on October 27, 2015. <u>Ott v. City of Milwaukee, *et al.*</u>, Case No. 09-cv-870-RTR (E.D. Wis.). At that time, Ott was represented by the same law firm as the current plaintiff. Id. When the plaintiff filed this case on July 31, 2019, the plaintiff alleged—throughout the twenty-six-page complaint—that the defendants had coerced him into falsely inculpating himself and Ott, dkt. no. 1 at ¶¶3, 19, 26, 42, 4345, 49-51, 66, and referred to the Ott civil litigation, id. at ¶¶64, 65. The plaintiff disclosed Ott in the initial disclosures and wrote that "Ott has knowledge of the events described in the Complaint. Can be contacted through Plaintiff's counsel." Dkt. No. 62-1.

5

The court issued a scheduling order on October 29, 2019. The parties had two years to conduct discovery. Notably, on July 5, 2022 the defendants filed a motion to extend discovery to "take depositions of the most critical witnesses." Dkt. No 62 at ¶8. The defendants wrote:

> For example, Defendants intend to take depositions of (i) Plaintiff and (ii) Chaunte Ott. Defendants also intend to take the deposition of (iii) Plaintiff's parole officer, to whom he gave a statement that is directly relevant to the allegations in this case. Defendants also understand that Plaintiff may have made one or more inculpatory statements to (iv) Assistant District Attorney Mark Williams and to (v) Plaintiff's former attorney, Cynthia Wynn. In fact, Ms. Wynn, testified at Ott's trial regarding the deal [the plaintiff] received in exchange for providing truthful testimony against Ott. Further, Defendants seek to take the depositions of (vi) Tasha Hadaway and (vii) Booker T. Edwards, each of whom provided statements to police during a 2009 investigation.

Id. at ¶9. At that time, the defendants underscored that the extension would "allow Defendants to focus on the most critical witnesses and documents so that this case may continue toward resolution in a manner that is fair to all the parties." Id. at ¶10. The court granted that motion, extending the deadline another two months, to September 12, 2022. Dkt. No. 63.

Under any view of the facts, Ott's relevance to this litigation and role as a fact witness are no surprise to the defendants. They have been aware of his involvement for years. They asked the court once for an extension of time to depose Ott and the court granted it, giving them two months to do so. Nothing in the defendants' motion explains why they did not serve Ott with a notice of deposition before the September 12, 2022 discovery deadline expired. Although they assert that "the parties have worked diligently to complete fact discovery," that they have "completed the depositions of nine fact witnesses" and that they

6

had three more depositions scheduled for witnesses who "were unable to be deposed sooner due to their schedules," dkt. no. 67 at 3, the defendants have provided no explanation for why Ott wasn't one of the individuals deposed before the discovery deadline expired, or why he was not included among the witnesses whom the parties stipulated could be deposed beyond that deadline. Because the defendants have not shown good cause for waiting until after the discovery deadline expired to ask to depose Ott, the court will deny their motion.

## II. Conclusion

The court **DENIES** the defendants' motion for leave to conduct deposition of Chaunte Ott outside close of fact discovery. Dkt. No. 67.

Dated in Milwaukee, Wisconsin this 28th day of April, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**